912 F.2d 463
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gerald PELLETIER, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 89-1065.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1990.
Decided Sept. 4, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Malcolm J. Howard, District Judge. (CA-87-76-4-CIV)
 David Michael Moore, Tax Division, United States Department of Justice, Washington, D.C. (Argued), for appellant;
 J. Troy Smith, Jr., Ward and Smith, P.A., New Bern, N.C. (argued), for appellee; Leigh A. Allred, Ward and Smith, P.A., New Bern, N.C., on brief. Shirley D. Peterson, Assistant Attorney General, Gary R. Allen, David I. Pincus, Tax Division, United States Department of Justice, Washington, D.C., Margaret P. Currin, United States Attorney, Raleigh, N.C., on brief.
 E.D.N.C.
 REVERSED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and DONALD RUSSELL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The government appeals the judgment of the district court in favor of taxpayer Gerald Pelletier allowing him to claim substantial depreciation and investment interest deductions stemming from an investment in computer equipment in 1981. Pelletier purchased the equipment from Systems Leasing, Inc., and leased it on the same date to CIS Leasing Corporation. Applying the test in Rice's Toyota World v. Commissioner, 752 F.2d 89, 91-92 (4th Cir.1985), the district court held that the investment was not a sham transaction designed solely to obtain tax benefits and that Pelletier was "at risk" within the meaning of Sec. 465 of the Internal Revenue Code with respect to his promissory note used to purchase the equipment. The transaction at issue is identical in all significant respects to that discussed in Hines v. United States, --- F.2d ---- (4th Cir. Sept. 4, 1990) (No. 89-3347). For the reasons set forth in Hines, we reverse the judgment of the district court and direct entry of judgment in favor of the government.
 
 
 2
 REVERSED.